IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **RAYMOND GRESHAM, Jr.** <br> 7060 Eastern Avenue, NW, #216 <br> Washington, DC 20012 <br><br> **Plaintiff,** <br><br> v. <br><br> **U.S. DEPARTMENT OF THE INTERIOR** <br> **GALE A. NORTON, SECRETARY** <br> 1849 C STREET, N.W. <br> WASHINGTON D.C. 20240 <br><br> **Defendant.** | * <br> * <br> * <br> * <br> * <br> * <br> *    Case No.: _____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
(Race and Reprisal Discrimination)

**COMES NOW,** the Plaintiff, Raymond Gresham, by and through his attorney, Donna Williams Rucker, Esquire and DUBOFF AND ASSOCIATES CHARTERED, and files suit against the above named defendants, and for cause of action states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is proper pursuant 42 U.S.C. §§ 2000(e) et seq., §1981 of the Civil Rights Act, and Title VII of the Civil Rights Act of 1964.

2. Venue is proper based on the foregoing.

3. Plaintiff Raymond Gresham ("Gresham") timely files this action in accordance with his Notice of Tight to Sue. A copy of the same is attached to this Complaint as Exhibit 2.

4. Plaintiff brings this action for discrimination on the basis of race (African-American) and reprisal (prior protected Equal Employment Opportunity ["EEO"] activity).

**FACTS**

5. Plaintiff incorporates all information and allegations contained in the foregoing paragraphs as if fully set forth herein.

6. On or about October 27, 2003 Plaintiff sought EEO counseling.

7. Plaintiff filed a formal EEO complaint January 5, 2004 based on discrimination due to his race (African American) and reprisal.

8. Plaintiff filed a second EEO complaint, based on reprisal, on or about January 27, 2005.

9. Plaintiff at all relevant times was a Maintenance Worker Supervisor (WS-3) for the Division of Resource management at the National Park Service ("NPS").

10. At the time of the filing of the 2004 complaint, as well as the 2005 complaint, Plaintiff's immediate supervisor was Mr. Jesse Mallard, Statue Preservation Supervisor.

11. At the time of the filing of the 2004 as well as the 2005 EEO complaint, Plaintiff's second level supervisor was Mr. Stephen Lorenzetti, who has since been promoted to Deputy Superintendent.

12. Plaintiff has been subjected to ongoing harassment and a hostile work environment due to his race and reprisal which includes, but is not limited to, the following:

    a. On or about May 1, 2003 Plaintiff was involved in an altercation with mason worker Mr. Cary Huffman (White – no prior protected activity), while working at the Lincoln Memorial. Due to the May 1, 2003 incident, a five-day suspension was proposed for the Plaintiff for inappropriate behavior while only a three-day suspension was proposed for Mr. Huffman, Plaintiff's subordinate, for the same and/or similar behavior. Plaintiff was ultimately suspended for one day for his alleged role in the May 1, 2003 incident while Mr. Huffman only received an official letter of reprimand for disruptive conduct.

    b. On or about February 3, 2004 Plaintiff received two "Counseling Forms" for allegedly violating the chain of command.

        i. The first alleged violation of the chain of command accused Plaintiff of the early and unauthorized dismissal of his crew. Plaintiff denied this charge.

    ii. The second alleged violation of the chain of command accused Plaintiff of the unauthorized disbursement of funds by the Plaintiff for the purchase of supplies. Plaintiff denied this charge.

  c. Mr. Lorenzetti has stated that he has an "open door policy" for employees. However, Plaintiff has been denied similar access to Mr. Lorenzetti despite the "open door policy", and Mr. Lorenzetti has permitted Mr. Huffman to use the "open door policy" without the requirements placed on Plaintiff.

## COUNT I
### (Title VII of the Civil Rights Act - Race Discrimination)

13. Plaintiff incorporates all information and allegations contained in the foregoing paragraphs as if fully set forth herein.

14. Plaintiff is African-American.

15. Plaintiff has been treated differently and subjected to different terms and/or conditions of employment as well as a hostile work environment due to his race.

16. Plaintiff is entitled to receive the same treatment, training, as well as similar terms and conditions of employment as other similarly situated employees who are not members of Plaintiff's protected class.

17. Other employees who were similarly situated, but members of a different race than Plaintiff, have not been subjected to the same rules, regulations, and limitations that Plaintiff is required to adhere to as well as enforce with the members of his crew.

18. Plaintiff has been and still is being humiliated, embarrassed and made to endure a great amount of pain and suffering based upon the actions of Plaintiff's supervisors.

19. Plaintiff believes that he has been denied the same treatment as similarly situated co-workers based upon his race.

20. The Defendant is responsible for the actions of Mr. Mallard and Mr. Lorenzetti under the doctrine of *Respondeat Superior* and the Defendant has failed to address a pattern and practice of racial discrimination in the work place that Plaintiff has been subjected to.

21. Plaintiff has regularly received differential treatment, adverse employments actions and disparaging treatment and comments from his supervisors and he has had his authority undermined.

22. Plaintiff was and is being treated differently based upon his race and subjected to different terms and conditions of employment. He has been made to work in a hostile environment and this has affected Plaintiff's ability to enjoy his work and to perform his work in an environment in which his co-workers were permitted to work.

23. Due to the adverse treatment and hostile work environment Plaintiff has been subjected to embarrassment, humiliation, pain and suffering, as well as emotional distress, Plaintiff has also incurred lost wages and he has incurred medical and other related expenses.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory and punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00);

b. Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

c. Equitable, Declaratory and injunctive relief;

d. Award such other and further relief as this Court deems just and proper.

## COUNT II
### (Title VII of the Civil Rights Act - Reprisal)

24. Plaintiff incorporates all information and allegations contained in the foregoing paragraphs as if fully set forth herein.

25. Plaintiff has been involved in prior protected activity based upon the Complaint filed in January of 2004.

26. Subsequent to filing his 2004 Complaint, Plaintiff began experiencing harassment and adverse employment actions by the Defendant.

27. The Defendant had no legitimate or nondiscriminatory reason for the adverse treatment plaintiff suffered.

28. The Defendant's adverse treatment towards plaintiff was close in proximity to plaintiff's prior involvement in protected activity.

29. At all times herein mentioned, Jesse Mallard and Steve Lorenzetti were aware of plaintiff's involvement in prior EEO activity.

30. The Defendant has no legitimate or non-discriminatory reasons for the continual harassment and hostile work environment Plaintiff has been subjected to.

31. The Defendant's adverse treatment towards Plaintiff and its continual harassment of Plaintiff is intentional.

32. Due to the adverse treatment and hostile work environment Plaintiff has been subjected to embarrassment, humiliation, pain and suffering, as well as emotional distress, Plaintiff has also incurred lost wages and he has incurred medical and other related expenses.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory and punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00);

b. Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

c. Equitable, Declaratory and injunctive relief;

d. Award such other and further relief as this Court deems just and proper.

## COUNT III
### (Intentional Infliction of Emotional Distress)

33. Plaintiff incorporates all information and allegations contained in the foregoing paragraphs as if fully set forth herein.

34. The actions of the Defendant by and through its employees were extreme and outrageous conduct.

35. Defendant by and through its employees committed the above-described acts intentionally and caused Plaintiff severe emotional distress and embarrassment, as evidenced by Plaintiff's need to leave from work and seek medical treatment.

36. Defendant by and through its employees should have known that their behavior would have the probable consequences of causing Plaintiff severe stress, Defendant's actions did in fact cause Plaintiff great emotional distress, humiliation and embarrassment and pain and suffering.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory and punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00);

b. Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

c. Equitable, Declaratory and injunctive relief;

d. Award such other and further relief as this Court deems just and proper.

## COUNT IV
### (Negligence)

37. Plaintiff incorporates all information and allegations contained in the foregoing paragraphs as if fully set forth herein.

38.     Defendant owed Plaintiff the duty to allow him to work in an environment free of discrimination, reprisal, and a hostile work environment.

39.     As a result of the Defendants negligence, the Plaintiff, has in the past and will in the future experience, pain and suffering, humiliation, embarrassment, emotional and psychological distress, and mental anguish.

40.     The Defendant was negligent, by and through its employees, in that it breached the applicable standard of care owed to Plaintiff.

41.     The above negligent acts and/or omissions by Mr. Mallard and Mr. Lorenzetti, directly and proximately caused significant injuries and losses, economic and non-economic, to the Plaintiff.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.  Award compensatory and punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00);

b.  Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

c.  Equitable, Declaratory and injunctive relief;

d.  Award such other and further relief as this Court deems just and proper.

### COUNT V
**(Negligent Hiring and Negligent Supervision)**

42.     Plaintiff incorporates all information and allegations contained in the foregoing paragraphs as if fully set forth herein.

43.     At all times relevant to the instant action, Mr. Mallard and Mr. Lorenzetti were employees of this Defendant and at the time of the occurrence, was acting within the course and scope of their employment.

44.     Defendant knew or should have known that Mr. Mallard and Mr. Lorenzetti were unfit to fulfill the duties and obligations of their respective positions, at the time and in the circumstances complained of herein, and thereby posed a danger to the plaintiff.  Defendant Kaiser had a duty to refrain from permitting Mr. Mallard and Mr. Lorenzetti from performing their duties and obligations when they were not in the proper physical, mental and/or psychological condition, to do so, and breached such duty by entrusting Mr. Mallard and Mr. Lorenzetti to complete said duties and obligations at the subject times and circumstances.

45.     Kaiser knew or should have known at the time of hiring Mr. Mallard and Mr. Lorenzetti that they were unfit to fulfill the duties and obligations of their respective positions, and that Mr. Mallard and Mr. Lorenzetti would not take proper measures to be fit to fulfill the duties and obligations of their jobs at the time and in the circumstances complained of herein, and thereby posed a danger to plaintiff.  Defendant had a duty to refrain from hiring Mr. Mallard and Mr. Lorenzetti and breached such duty by retaining Mr. Mallard and Mr. Lorenzetti to perform the duties and obligations required of their respective jobs.

46.     As a direct and proximate result of the negligence of the Defendant by and through its employees, plaintiff suffered pain and injuries, mental anguish, has incurred medical expenses and other related costs, without any negligence whatsoever contributing thereto on the part of the Plaintiff.

47.     As employer and/or principal of Mr. Mallard and Mr. Lorenzetti, Defendant under the doctrine of *Respondeat Superior*, is responsible for the negligent acts its employees perform in the course and scope of their employment.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

    a.   Award compensatory and punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00);

    b.    Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

    c.    Equitable, Declaratory and injunctive relief;

    d.    Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: _____
Donna Williams Rucker, Esquire
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131   Office
(301) 587-1872   Facsimile

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues.

_____
Donna Williams Rucker

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

06-1859
JR

## I (a) PLAINTIFFS
Raymond Gresham, Jr.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **1001**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
USDOI

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Donna W. Rucker
8401 Glenville Rd #50
S.S. MD 20910  301/495-3131

CASE NUMBER 1:06CV01859
JUDGE: James Robertson
DECK TYPE: Employment Discrimination
DATE STAMP: 10/31/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)*   OR   ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

③

| ☐ G. *Habeas Corpus/ 2255* | ☒ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000(e)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☐ NO   If yes, please complete related case form.

DATE 10.31.06   SIGNATURE OF ATTORNEY OF RECORD  NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.