UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RAYMOND GRESHAM,<br>    Plaintiff,<br>        v.<br><br>DIRK KEMPTHORNE,<br>DEPARTMENT OF THE INTERIOR,<br>    Defendant. | Civil Action No. 06-1859 (JR) |

**ANSWER TO COMPLAINT**

Defendant, Dirk Kempthorne, through counsel, hereby answers each of the specific averments in Plaintiff's Complaint in like-captioned and like-numbered paragraphs, and states as follows:

**JURISDICTION AND VENUE**

1. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

2. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

3. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

4. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

## FACTS

5. Plaintiff's four introductory paragraphs to the complaint state legal conclusions, to which no response is required, but to the extent that one is required, the statement is denied.

6. Defendant is without sufficient information to either admit or deny the information in paragraph 29.

7. Defendant admits Plaintiff filed a formal EEO complaint on January 5, 2004 based on discrimination due to his race (African American) and reprisal.

8. Defendant admits Plaintiff filed an EEO complaint based on reprisal on or about January 27, 2005.

9. Defendant admits that at all relevant times Plaintiff was a Maintenance Worker Supervisor for the Division of Resources Management at the National Park Service (NPS).

10. Defendant admits that at the time of Plaintiff's filing of the 2004 complaint and at the time of his 2005 complaint his immediate supervisor was Jesse Mallard, Statue Preservation Supervisor.

11. Defendant admits that at the time of Plaintiff's filing of the 2004 and 2005 complaints his second line supervisor was Stephen Lorenzetti.

12. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied. With respect to paragraph 12(a) Defendant admits that Plaintiff was involved in an altercation at the workplace and received a one-day suspension for his actions. With respect to paragraph 12(b), Plaintiff did receive two counseling forms for violating the chain of command. Finally, with

respect to paragraph 12(c) Defendant admits Mr. Lorenzetti stated he has an "open door policy." Defendant denies that Plaintiff had been denied access to Mr. Lorenzetti.

## COUNT I

13. This paragraph is introductory and incorporates the previous paragraphs. To the extent a response is required the Defendant references the above answers.

14. Defendant admits paragraph 14.

15. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

16. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the Defendant is entitled to receive the same treatment and similar terms and conditions as other similarly situated employees who are not members of Plaintiff's protected class.

17. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

18. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

19. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

20. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

21. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

22. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

23. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

## COUNT II

24. This paragraph is introductory and incorporates the previous paragraphs. To the extent a response is required the Defendant references the above answers.

25. Defendant admits that Plaintiff filed a Complaint in January 2004.

26. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

27. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

28. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

29. Defendant is without sufficient information to neither admit nor deny the information in paragraph 29.

30. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

31. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

32. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

## COUNT III

33. This paragraph is introductory and incorporates the previous paragraphs. To the extent a response is required the Defendant references the above answers.

34. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

35. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

36. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

## COUNT IV

37. This paragraph is introductory and incorporates the previous paragraphs. To the extent a response is required the Defendant references the above answers.

38. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

39. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

40. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

41. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

## COUNT V

42. This paragraph is introductory and incorporates the previous paragraphs. To the extent a response is required the Defendant references the above answers.

43. Defendant admits only that Mr. Mallard and Mr. Lorenzetti were employees of the Defendant and to the extent that the rest of the paragraph calls for a conclusion of law, the statement is denied.

44. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied. With respect to the allegations against Defendant, Mr. Mallard and Mr. Lorenzetti, the statement is denied.

45. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied. With respect to the allegations against Defendant, Mr. Mallard and Mr. Lorenzetti, the statement is denied.

46. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

47. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

## DEFENSES

1. Plaintiff fails to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

2. In addition, defendant denies each and every allegation of the complaint that is not specifically admitted herein.

3. Defendant further avers that any compensatory damages requested under Plaintiff's Title VII claims is limited by the Civil Rights Act of 1991.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court deny Plaintiff all relief requested, dismiss this action with prejudice, grant Defendant his attorney's fees and costs, and award Defendant all such other and further relief as may be appropriate.

Respectfully Submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 4341228
Assistant United States Attorney


_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Rm. E-4112
Washington, D.C.  20530
(202) 307-0338


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February 2007, a copy of the foregoing Answer to the Complaint was sent first class mail, postage prepaid to:

Donna Williams Rucker, Esq.
DuBoff & Associates, Chartered
8401 Colesville Road, Suite 501
Silver Spring, MD  20910


_____
Karen Melnik
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room 10-441
Washington, D.C. 20001